UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                           Chapter 11

      960 Franklin Owner LLC,                            Case No.  22-42760 (JMM)

                        Debtor.
---------------------------------------------------------x

## **DECLARATION IN SUPPORT OF PLAN CONFIRMATION**

        David Goldwasser, as Manager of 960 Franklin Owner LLC (the "Debtor") deposes and says under penalty of perjury, as follows:

        1.        On November 2, 2022, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        2.        The Debtor was formed to acquire a 51% membership interest in 960 Franklin LLC, with an obligation to purchase the remaining interests.

        3.        Thus, on August 10, 2022, Hagler, as assignor ("Assignor")[1], and the Debtor, as assignee ("Assignee"), entered into the Agreement of Sale of membership Interests ("Agreement") pursuant to which the Debtor was to acquire Hagler's right, title and interest in the Membership Interests in 960 Franklin LLC.  The parties also entered into an Assignment and Assumption of Membership Interest Agreement ("51% Assignment Agreement"), pursuant to which Hagler agreed to convey 51% of the Membership Interests in 960 Franklin LLC to the

---

[1] The Agreement refers to Hagler as Assignor and the Debtor 960 Franklin Owner LLC as Assignee.

Debtor on the effective date of the Agreement. The 51% Assignment Agreement was subject Assignee wiring $10,000,000.00 on or before November 2, 2022 at 11:00 a.m., to be held in escrow and applied toward the balance of the Purchase Price at Closing.

4. Hagler contends that he was ready, willing and able to close on November 2, 2022, at 11:00 a.m. and that the Debtor failed to tender the $10 million payment and close on the Agreement as required. The Debtor contends its financing fell through at closing and that by Hagler's conduct on November 2, 2022, time was extended.

5. Based on the above, and with the Debtor's failure to oppose the motion, the Bankruptcy Court granted Hagler's and 960 Franklin LLC's motion to lift the automatic stay. Nevertheless, the Debtor and the Hagler Parties have determined to enter into the Restructuring Support Agreement to resolve the disputes between the parties.

6. Under the Restructuring Support Agreement as incorporated in the Plan, on the Plan Effective Date, a Plan Administrator shall serve as Debtor's authorized agent and be empowered to, among other things, (i) obtain and execute a 99-year ground lease of the Property with Franklin Plaza II LLC post-confirmation, (ii) encumber or authorize Franklin Plaza II LLC to encumber the ground lease with the Leasehold Mortgage, (iii) encumber the Property with the Property Mortgage, and (iv) sell or transfer title to the Property, subject to the ground lease.

7. Upon confirmation of the Plan, therefore, the Debtor's beneficial 51% membership interest in 960 Franklin LLC shall be irrevocably assigned to the Plan Administrator and held by the Plan Administrator in escrow for the purposes of either (i) selling the Property at

Hagler's direction, or (ii) assigning the Debtor's beneficial 51% ownership interest in 960 Franklin LLC to Hagler or his designee.

8. The Plan Administrator shall release the beneficial 51% membership interest to either (x) the purchaser of the Property with the sale proceeds to be distributed to Hagler (or an entity that he created or controls) upon the closing of the sale of the Property or (y) Hagler (or an entity created or controlled by him) if the Property is not sold within one year of the confirmation of the Plan.

9. The Hagler Parties shall fund payment of Claims under the Plan with funds to be provided to the Plan Administrator.

10. Class 1 is Priority Claims under Sections 507(a)(2),(3),(4),(5),(6), and (7) of the Bankruptcy Code. Class 1 Claims total approximately 0. Each holder of a Class 2 claim is entitled to Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment. Class 1 is Unimpaired and is conclusively presumed to have accepted the Plan.

11. Class 2 under the Plan is the Hagler Secured Claim. Class 2 is entitled to have the Debtor's beneficial 51% membership interest in 960 Franklin LLC irrevocably assigned to the Plan Administrator and held by the Plan Administrator in escrow for the purposes of either (i) selling the Property at Hagler's direction or (ii) assigning the Debtor's beneficial 51% ownership interest in 960 Franklin LLC to Hagler or his designee. The Plan Administrator shall release the beneficial 51% membership interest in 960 Franklin to either (x) the purchaser of the Property with the sale proceeds to be distributed to Hagler (or his designee) upon the closing of

the sale of the Property or (y) Hagler (or his designee) if the Property is not sold within one year of the Effective Date.  Class 2 is Unimpaired and is conclusively presumed to have accepted the Plan.

12. Class 3 is General Unsecured Claims.  Unless a holder of an Allowed General Unsecured Claim has agreed to less favorable treatment of such Claim, each such holder shall receive payment in full with interest at the federal judgment rate on the Effective Date.  The Hagler Parties shall provide the Plan Administrator with up to $124,000 plus applicable interest at the Federal Rate five business days before the Confirmation Hearing to pay the Allowed Class 3 General Unsecured Claims.  Class 3 is Unimpaired and is conclusively presumed to have accepted the Plan.

13. Class 4 is Existing Equity Interests.  Existing Equity Interests in Class 4 have consented to the terms of the Plan and will receive a payment of $100,000 constituting a partial return of its equity and receive no other distribution under the Plan.  Class 4 is Unimpaired and is conclusively presumed to have accepted the Plan.

14. In addition, the Plan provides for payment of administration fees.  The Debtor's unpaid legal fees are estimated to be less than $50,000 through Plan consummation.

15. Effective Date obligations for administration and United States Trustee fees will be satisfied from the funds to be deposited in escrow with the proposed Plan Administrator before the Confirmation Hearing.

16. Distribution under the Plan will be greater than in a Chapter 7 case because (a) there will be no Chapter 7 administration expenses for liquidation such as attorney fees, brokerage fees, and transfer taxes, and (b) absent the Restructuring Support Agreement, the likelihood of the Debtor prevailing in litigation is speculative at best.

17. The Plan complies with the applicable provisions of the Bankruptcy Code, under section 1129(a)(1), such as compliance with the rules for classification of claims under section 1122 of the Code and the plan requirements under section 1123 of the Code.

18. The Proponent has complied with the applicable provisions of the Bankruptcy Code under section 1129(a)(2) such as compliance with the disclosure and solicitation requirements of section 1125 and 1126 of the Code.

19. The Plan has been proposed in good faith and not by any means forbidden by law under section 1129(a)(3) because the plan is consistent with the general intent of the Code to permit the liquidation of a debtor's assets to maximize the return to creditors.

20. Any payment made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been disclosed to the Bankruptcy Court, and any such payment made before the confirmation of the Plan is reasonable, or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Bankruptcy Court as reasonable, under section 1129(a)(4). Administration Claims to be paid to Debtor's professionals are subject to further order of the Court.

21. Post-confirmation management of the Debtor will remain unchanged. That is consistent with section 1129(a)(5) because the Plan Administrator will administer the Plan, and the Debtor will have little if any business to conduct thereafter.

22. The Plan proposes no rate change for which governmental regulatory commission approval is required, under section 1129(a)(6).

23. Since no class impaired, the requirement under section 1129(a)(7) of the Bankruptcy Code is deemed satisfied, i.e., with respect to each class of impaired Claims, either each holder of a Claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date of the Plan, in an amount that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code.

24. Based upon the preceding paragraph, the requirement of section 1129(a)(8) is also deemed satisfied, i.e., that each creditor class has accepted the Plan, or is not impaired under the Plan.

25. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that priority and administration claims will be paid in full on the Effective Date, or as soon thereafter as the Allowed Amounts of such Claims are determined, satisfying section 1129(a)(9) of the Code.

26. Since there are no impaired classes, the requirement of section 1129(a)(10) of the Code has been satisfied; that if any class is impaired, at least one class of impaired Claims has accepted the Plan.

27. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor or any successors to the Debtor under the Plan under section 1129(a)(11), since the Debtor will have few if any post-confirmation obligations.

28. All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan under section 1129(a)(12).

29. The Debtor does not have retirement benefits obligations, and, therefore, section 1129(a)(13) relating to retirement benefits does not apply to this case.

30. The Debtor respectfully requests that the Court confirm the Plan. A proposed confirmation order is annexed hereto.

Dated: New York, New York
     April 27, 2023

s/David Goldwasser, as Manager